DIEGO INVESTORS - IV, E. C. SMITH, TAX MATTERS PARTNER, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Diego Investors - IV v. Commissioner
Docket Nos. 16947-87; 25289-87; 35488-87
United States Tax Court
T.C. Memo 1990-102; 1990 Tax Ct. Memo LEXIS 102; 58 T.C.M. (CCH) 1534; T.C.M. (RIA) 90102; February 28, 1990
Mitchell B. Dubick, Sherri A. Groveman, Patrick J. Felix III, and Edward C. Smith, Jr., for the petitioners. Steven New, Zuzana Colaprete, Jeffrey A. Hatfield, Boris Siegel, and William H. Quealy, for the respondent. GERBER
MEMORANDUM OPINION GERBER, Judge: This matter arises from petitioner James D. Mason's [2] Motion For Reconsideration, filed December 29, 1989, regarding , filed November 27, 1989. The reconsideration is sought with respect to our holding that the section 6659 [3] addition to tax for overvaluation and the section 6653(a)(1) and (2) addition to tax for negligence are applicable. Respondent's Objection To The Petitioners' Motion For Reconsideration was filed February 12, 1990. Respondent counters *103 that our opinion was correct with respect to both matters. Section 6659 - Addition to Tax for Overvaluation
Initially, petitioner contends that we made no finding with respect to whether the master recordings, which were the subject of deductions and credits, were placed in service in the year the credits were claimed. Petitioner argues that if the assets were not placed in service then section 6659 should not be imposed, citing , affd. . Respondent counters that the facts in this case are distinguishable from Todd because in this case respondent did not argue that the assets were not placed in service and it was not found that the assets were not placed in service. Petitioner is correct that our opinion did not include a specific finding that the masters were or were not placed in service. We find it incongruous that petitioner should now argue that the masters may not have *104 been placed in service. No such finding was requested or proven by petitioners, who bear the burden of proof in this case. To the contrary, petitioners offered evidence of the production and marketing of tapes for sale from the masters in question. Further, respondent, on brief, did not contend or argue that the masters were not placed in service. In that setting, we found it unnecessary to make a finding that the masters were placed in service, although our discussion of the various transactions and the valuation aspects implies the existence and use of the masters to produce tapes. Accordingly, without a finding (and in this case the possibility of a finding) that the masters were not placed in service, this case is distinguishable from Todd. Next, petitioner argues that even if the masters were placed in service, our "finding that the transactions were without economic substance requires that the Court not reach -- and therefore not impose * * *" the addition to tax under section 6659. On this point petitioner asks us to focus upon the opinion of the United States Court of Appeals for the Fifth Circuit in , *105 affg. , and . With respect to the opinion of the Court of Appeals for the Fifth Circuit, petitioner directs us to the court's rationale that the taxpayers "did not benefit from their tax shelter, since their depreciation deductions and investment tax credits were denied in full." . Petitioner, however, failed to distinguish the fact that the Tax Court opinion in Todd did not address the question of valuation in arriving at the holding that the taxpayers in that case were not entitled to depreciation deductions or investment tax credits. The holding in Todd was solely premised upon a finding that the assets were not placed in service. In our opinion in this case, however, we stated: Because the fair market value of the master recording is an integral part of the fair market value of the lease, crucial to our lack of economic substance determination, the understatement linked to the disallowed credits is attributable to a valuation overstatement. * * * Diego Investors - *106 (slip opinion at 41). Moreover, the Court of Appeals for the Fifth Circuit, in addressing the Government's policy concerns that taxpayers should not be allowed to overvalue without suffering the addition to tax for overvaluation, stated: Further, it is probable that Congress was balancing competing policies when it determined how to apply [section] 6659. First, Congress may not have wanted to burden the Tax Court with deciding difficult valuation issues where a case could be easily decided on other grounds. Second, Congress may have wanted to moderate the application of the [section] 6659 penalty so that it would not be imposed on taxpayers whose overvaluation was irrelevant to the determination of their actual tax liability. [Fn. refs. omitted.] . The opinion of the Court of Appeals provides supporting rationale for our finding that section 6659 is applicable in the setting of this case. We were required to consider the question of value in order to decide whether the transactions had or lacked economic substance. Petitioner argues that , also supports his contention *107 that the section 6659 addition is not applicable in this case. In Smith "research and development and interest deductions in issue [were disallowed] because [of the conclusion] that the partnerships were not in a trade or business that would support the deductions claimed, and the Koppelman Process activity lacked economic substance." Accordingly, the underpayments were not attributable to a valuation overstatement. . Again, in Smith we did not have to reach the valuation issue to decide the case, whereas in this case the question of valuation was seminal and "crucial to our lack of economic substance determination * * *." Diego Investors - (slip opinion at 41). Because of the circumstances in this case, we were compelled to consider the valuation aspect and specifically held that the values of the various master tapes were grossly overinflated. We found that the master tapes in issue had a fair market value of either $ 15,000 or $ 20,000, depending upon the tape, whereas the same tapes were reported, for tax purposes, at values in excess of $ 200,000 per tape. Our findings *108 are not only necessary to the proper analysis of the issues in this case, but also present compelling reasons for upholding respondent's determination of a valuation overstatement under section 6659. We do not here intend to modify or change the holdings of Todd and Smith to include or embrace the result urged by petitioner in this case. This case presents a situation where, unlike Todd and Smith, we have based our holding on the question of valuation. We did not make the value determinations "in this case only because of the disputes over the additions to tax." See . See also ; ; ; . Section 6653(a)(1) and (2) - Addition to Tax for Negligence
Petitioner contends that our opinion focused upon the promoter's and not the investor's shortcomings in regard to the transaction. Further, petitioner contends that he relied on the promoter and, accordingly, *109 should not be held liable for the addition to tax under section 6653(a)(1) and (2). Our memorandum opinion adequately addressed petitioner's contentions, as follows: The partnerships and investors relied on Smith to make all the business decisions regarding the master recording venture. This included the value of the master tapes upon which the feasibility of the entire venture rested. Further, both Smith [the promoter] and Mason [petitioner] knew that the value of the master recordings was critical to the amount of the investment ITC claimed on the returns. Neither Smith nor petitioner attempted to obtain any independent appraisals of the leases or the masters themselves. In addition, Smith was not experienced in the production or distribution of audio cassette tapes. * * * Finally, the master recording venture promised approximately $ 21,000 in tax credits and $ 14,000 in deductions for a $ 14,000 investment. No reasonable person would have trusted this scheme to work without some independent support. , affg. a Memorandum Opinion of this Court; . *110 [Diego Investors - , slip opinion at 40.] In this case petitioner relied upon the promoter of the transaction who stood to gain from petitioner's participation in the promoter's venture. Petitioner cited , in support of his position on this point. That case is inapposite because the reliance there was upon the taxpayer's attorney, who was compensated to give expert and independent advice on the matter there involved. In view of the foregoing, An appropriate order denying petitioner's Motion for Reconsideration will be issued. Footnotes
1. Cases of the following petitioners are consolidated herewith: Beach Investors 400, James Maxham, Vernon L. and Phyllis Payton, Frank and Rosemary Mendoza, A Partner Other Than the Tax Matters Partner, docket No. 25289-87; and James D. Mason, docket No. 35488-87.↩
2. For purposes of this opinion James D. Mason shall be referred to as "petitioner." ↩
3. Section references are to the Internal Revenue Code, as amended and in effect for the years in issue.↩